UNITED STATES OF AMERICA,

-vs-                                                        Case No.  8:03-CR-240-T-30EAJ

GORAN MILOVANOVIC,

    Defendant.

_____/

## <u>ORDER</u>

Before the Court are Defendant's Petition for Writ of Error Coram Nobis ("petition") (Dkt. 163), the Government's response to the petition (Dkt.169), Defendant's reply to the response (Dkt. 172), and Defendant's affidavit in support of the petition (Dkt. 178). The essence of Defendant's petition is a contention that defense counsel was ineffective in failing to inform Defendant of the deportation consequences of his guilty plea.  Defendant cites *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) in support of his contention. Upon consideration, Defendant's petition is DENIED.

A petitioner who has served his sentence and is no longer in custody may petition for a writ of error coram nobis, although relief is not routinely granted, as the finality of criminal convictions would be undermined. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). The writ is an extraordinary remedy of last resort, "available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201,

1203 (11th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) ("This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed . . . in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.") (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)); *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

In sum, coram nobis review is an "extraordinary remedy," limited to errors "of the most fundamental character." *United States v. Mills*, 221 F.3d at 1203. It is not available to relitigate criminal convictions. *United States v. Addonizio*, 442 U.S. 178, 186 (1979).

## BACKGROUND

On February 11, 2004, the Court accepted Defendant's plea of guilty and adjudicated Defendant guilty of Count One of the Indictment (Dkt. 80). On February 2, 2005, the Court entered Judgment (Dkt. 108) sentencing Defendant to 78 months imprisonment and a term of 3 years of supervised release. Petitioner did not file a direct appeal. According to his affidavit, Petitioner was deported to Serbia on January 22, 2010 (Dkt. 178 at 3). Therefore, Petitioner was sentenced, began serving his sentence, then was deported prior to fully serving his sentence.

## DISCUSSION

As noted *supra*, "[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner *has served his sentence and is no longer in custody . . . .*" *United States v. Peter*, 310 F.3d at 712 (emphasis added). Coram nobis is not available to

a petitioner "in custody" because relief is available by way of 28 U.S.C. § 2255. *See United States v. Chaff*, 269 Fed. Appx. 878, 879 (11th Cir. 2008) (unpublished) ("Because federal prisoners may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis relief is unavailable to them.") (citing *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999) ("Coram nobis relief is unavailable to a person, such as the appellant, who is still in custody.")). Therefore, the threshold issue is whether Defendant is in custody for purposes of § 2255.

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in *custody under sentence of a court established by Act of Congress* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id*. (emphasis added). In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court stated in pertinent part that it is "not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Id*. at 491.[1] The Court then stated that it "ha[s] never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Id*. Here, prior to being deported, and prior to filing his petition, Defendant's sentence had not "fully expired." Moreover, pursuant to *Maleng*, although Defendant is not "physically confined," he may challenge his conviction and sentence under § 2255 if he is "in custody."

---

[1] Courts have applied the habeas custody analysis of *Maleng* to § 2255 motions. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)).

This Court concludes that Defendant is "in custody" for the purposes of § 2255. Although he is not incarcerated and was deported, Defendant's challenged sentence remains outstanding, that is, his sentence has not "fully expired." His deportation did not terminate his supervised release. *See United States v. Akinyemi*, 108 F.3d 777 (7th Cir. 1997) (deportation does not terminate supervised release); *United States v. Cuero-Flores*, 276 F.3d 113, 117 (2d Cir. 2002) (same); *United States v. Ramirez-Sanchez*, 338 F.3d 977, 981 (9th Cir. 2002) (same); *United States v. Brown*, 54 F.3d 234, 238 (5th Cir. 1995) (same); *United States v. Williams*, 369 F.3d 250, 253 (3d Cir. 2004) (same). If Defendant reenters the United States, he will be required to comply with the conditions of his unexpired three-year term of supervised release.[2] *See United States v. Rivas-Gonzalez*, 365 F.3d 806, 809 (9th Cir. 2004) ("Were Rivas[,whom was deported,] to reenter the United States, he would be required to comply with the conditions of his yet unserved two-year term of supervised release."). *See also*, *United States v. Fall*, 2008 U.S. Dist. LEXIS 91498, at *6 (S.D.N.Y. Oct. 31, 2008) (unpublished) (petitioner whom was currently being detained by immigration authorities pending his appeal of an order of removal from the United States, was 'in custody' for purposes of § 2255 because he was currently subject to a sentence of supervised release imposed by the court).

---

[2]In his affidavit, Defendant asserts that he was deported on January 22, 2010 (Dkt. 178 at 3). 18 U.S.C. § 3624(e) states that "[t]he term of supervised release commences on the day the person is released from imprisonment . . . ." Therefore, it appears that Defendant's supervised release term is scheduled to expire on January 21, 2013.

Because Defendant is subject to a term of supervised release, he is "in custody" for the purposes of § 2255 relief. Therefore, the writ of coram nobis is unavailable to him.[3] *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (writ of error coram nobis is only appropriate when other relief is unavailable).

Moreover, even if Defendant is not "in custody," and his ineffective assistance of counsel claim is cognizable under coram nobis, he is not entitled to relief. Defendant argues that he is entitled to relief pursuant to *Padilla*. In *Padilla*, the United States Supreme Court held that effective assistance required counsel to provide the client with available advice about an issue like deportation and the failure to do so satisfies the first prong of the *Strickland* [4] analysis.

Defendant's conviction was final long before the Supreme Court's ruling in *Padilla*. Therefore, to obtain the benefit of the *Padilla* ruling, Defendant must establish that the rule announced in *Padilla* is retroactively applicable to convictions on collateral review. *See Teague v. Lane*, 489 U.S. (1990). The Third Circuit has held that *Padilla* is retroactive. *See United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011). The Seventh and Tenth Circuits, however, have held that *Padilla* is not retroactive. *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011) (*Padilla* not retroactive); *United States v. Chang Hong*, ___ F.3d ___, No.

---

[3]This Court does not have jurisdiction to treat Defendant's petition for a writ of coram nobis as a § 2255 motion because Petitioner has already filed a § 2255 motion and has not obtained leave from the Eleventh Circuit Court of Appeals to file a successive motion. See 28 U.S.C. § 2255(h); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals], the district court lacks jurisdiction to consider a second or successive [§ 2255 motion.]").

[4] *Strickland v. Washington*, 466 U.S. 668 (1984) (establishing the test for ineffective assistance of counsel).

10-6294, 2011 U.S. App. LEXIS 18034, 2011 WL 38057630 (10th Cir. Aug. 30, 2011) (same). *See also United States v. Hernandez-Monreal*, 404 F. App'x 714, 715 n.* (4th Cir. 2010) ("[N]othing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review."). The Court finds the opinions by the Seventh and Tenth Circuits persuasive, and concludes that *Padilla* created a new rule that is not retroactive to cases on collateral review.

Accordingly, the Court **ORDERS** that Defendant's Petition for Writ of Error Coram Nobis (Dkt. 163) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Mark W. Ciaravella, Counsel for Petitioner
A. Lee Bentley, III, AUSA